| | |
|---|---|
| 1 | Douglas R. Ricks, OSB No. 044026 |
| | Christopher N. Coyle, OSB No. 073501 |
| 2 | SUSSMAN SHANK LLP |
| | 1000 SW Broadway, Suite 1400 |
| 3 | Portland, OR  97205-3089 |
| | Telephone: (503) 227-1111 |
| 4 | Facsimile: (503) 248-0130 |
| | E-Mail:  dricks@sussmanshank.com |
| 5 | ccoyle@sussmanshank.com |
| 6 | Proposed Attorneys for Debtors-in-Possession |

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | | |
|---|---|---|---|
| 11 | In re | ) | Case No. 25-30484-pcm11 |
| | | ) | (Joint Administration Pending) |
| 12 | Sherwood Hospitality Group, LLC | ) | |
| | | ) | |
| 13 | Debtor-in-Possession. | ) | |
| | | ) | |
| 14 | In re | ) | Case No. 25-30486-pcm11 |
| | | ) | (Joint Administration Pending) |
| 15 | DVKOCR Tigard, LLC | ) | |
| | | ) | APPLICATION TO EMPLOY COUNSEL |
| 16 | Debtor-in-Possession. | ) | FOR DEBTORS (Sussman Shank LLP) |
| | | ) | |
| 17 | | ) | |

Debtors[1] Sherwood Hospitality Group, LLC ("**Sherwood Hospitality**") and DVKOCR Tigard, LLC ("**DVKOCR**") (phonetic: dah vee kOr ), individually and collectively, move this Court for authorization to employ Sussman Shank LLP ("**Sussman Shank**") to represent them as their general bankruptcy counsel. In support of this application (the "**Application**"), Sussman Shank respectfully represents:

---

[1] "**Debtors**" means collectively the two entities designated as a debtor in the above-captioned cases (each a "**Debtor**") that filed voluntary petitions for relief on February 17, 2025 in the United States Bankruptcy Court for the District of Oregon.

Page 1 of 4 – APPLICATION TO EMPLOY COUNSEL FOR DEBTORS (Sussman Shank LLP)

**JURISDICTION AND VENUE**

1. On February 17, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate and manage their properties as debtors-in-possession.

2. The United States Bankruptcy Court for the District of Oregon (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Sussman Shank confirms their consent to the Court's entry of a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

4. The statutory bases for the relief requested include section 327 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2014, and LBR 2014-1.

**BACKGROUND**

3. The Debtors selected Sussman Shank because of Sussman Shank's extensive experience in representing chapter 11 debtors. The Debtors believe Sussman Shank to be well-qualified to represent them and provided informed consent to Sussman Shank's representation of them individually and collectively.

4. The professional services Sussman Shank is expected to provide include, without limitation, providing the Debtors with advice on their duties and responsibilities as debtors-in-possession, preparing and filing schedules, defending motions for relief from stay, analysis and objections to claims, formulation and approval of a plan of reorganization, negotiations with creditors and other parties in interest, and all other matters requiring legal representation of the Debtors in these chapter 11 cases.

5. Sussman Shank has been informed by the Debtors that there is there is a debt owed

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

by Sherwood Hospitality Group, LLC to DVKOCR, LLC (the parent company of DVKOCR Tigard, LLC) in the amount of $131,088.83. This obligation does not appear to be an intercompany loan as between the Debtors. However, Sussman Shank and the Debtors have agreed that Sussman Shank will not represent either Debtor with respect to that claim or any other claims that may exist between the Debtors, and each Debtor will obtain their own separate counsel, as necessary, to represent them regarding any such claims.

6.  To the best of Sussman Shank's knowledge, Sussman Shank is not a creditor of any of the Debtors and has no interest adverse to the Debtors or their estates on any of the matters upon which it is to be engaged, is a disinterested person as defined in 11 USC § 101(14), and its employment would be in the best interest of the estates.

7.  Sussman Shank obtained a pre-petition retainer of $60,000 from Devang Patel for benefit of DVKOCR Tigard, LLC and, after application to pre-petition fees and expenses, currently holds a remaining retainer of $46,570.00; this retainer will be applied to postpetition fees and expenses subject to application and approval of the Court. Sussman Shank obtained a pre-petition retainer of $40,000 from Devang Patel for benefit of Sherwood Hospitality Group, LLC and, after application to pre-petition fees and expenses, currently holds a remaining retainer of $26,545.50; this retainer will be applied to postpetition fees and expenses subject to application and approval of the Court.

8.  To the best of Sussman Shank's knowledge, Sussman Shank has no connection with the Debtors, creditors, or any party in interest or their respective attorneys or accountants, except as disclosed in this Application and as may be set forth on the Rule 2014 Verified Statement filed herewith.

Page 3 of 4 – APPLICATION TO EMPLOY COUNSEL FOR DEBTORS (Sussman Shank LLP)

1  WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein, and such other and further relief as the Court may deem just and appropriate.

/s/ Alkesh Patel
Manager for Debtor-in-Possession

PRESENTED BY:

SUSSMAN SHANK LLP

By /s/ Douglas R. Ricks

Douglas R. Ricks, OSB No. 044026
Attorneys for Debtors

Page 4 of 4 – APPLICATION TO EMPLOY COUNSEL FOR DEBTORS (Sussman Shank LLP)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Case No. _____
       Amended

Debtor

**VERIFIED STATEMENT IN SUPPORT OF EMPLOYMENT APPLICATION**

*Instructions to filer:* This statement must be completed by each person proposed to be employed under 11 U.S.C. § 327, 1103, or 1114. If the application also seeks approval of employment of my firm, this form must be completed and signed on behalf of the firm by the member, associate, or employee of the firm who is expected to be primarily responsible for the engagement. If the firm is a law firm proposed to provide services in the case or an associated adversary proceeding, this form must be completed on behalf of the firm by the attorney of record. Any amended statement must include "Amended" in the title, be complete, and clearly identify changes from the previous filed version. Italicized text below constitutes further instructions.

I, _____, make this statement in support of the application for approval of my employment by [*enter name of proposed employer, for example, name of debtor in possession, trustee, or creditors committee*] _____ (employer). If the application also seeks approval of employment of my firm, I make this statement on behalf of myself, my firm, and each other member, associate, or employee of my firm whom I expect to perform services for the employer in or in connection with this case, and each statement below is on behalf of each of those persons. Otherwise, paragraphs 2.3 and 2.5 below do not apply to this statement.

1. **Disinterestedness**

    1.1.   I am not a creditor of the debtor except:

    1.2.   I am not an equity security holder of the debtor.

    1.3.   I am not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

    1.4.   I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the debtor or for any other reason.

**2. Insider status**

2.1. I am not a relative of the individual debtor [*"Relative" means an individual related by affinity or consanguinity within the third degree as determined by the common law or individual in a step or adoptive relationship within that third degree.*]

2.2. I am not a relative of an individual general partner of the debtor.

2.3. My firm is not a partnership in which the debtor is a general partner.

2.4. I am not a general partner of or in the debtor.

2.5. My firm is not a corporation of which the debtor is a director, officer, or person in control. [*"Corporation" has the meaning in 11 U.S.C. § 101(9) and includes limited liability company but not limited partnership.*]

2.6. I am not an officer or director of the debtor.

2.7. I am not a person in control of the debtor.

2.8. I am not a relative of a general partner, director, officer, or person in control of the debtor.

2.9. If the debtor is a municipality, I am not an elected official of the debtor or a relative of an elected official of the debtor.

2.10. I am not a managing agent of the debtor.

**3. Affiliates of the debtor** [*If the debtor has no affiliates, the affiliates list should say "None." In the balance of this statement, "affiliate" means an affiliate on the affiliates list below.*]

3.1. If I am an attorney proposed for employment as general bankruptcy counsel for the trustee or chapter 11 debtor in possession, the trustee or debtor in possession has with my advice prepared the list below of the debtor's affiliates, as that term is defined in 11 U.S.C. § 101(2), including each affiliate's name and relationship to the debtor.

3.2. If I am not an attorney described in paragraph 3.1 above, I have obtained from the trustee, chapter 11 debtor in possession, or the general bankruptcy counsel for the trustee or debtor in possession the list below of the debtor's affiliates, prepared in accordance with paragraph 3.1 above.

3.3. I am not an affiliate or an insider of an affiliate as if such affiliate were the debtor. [*"Insider" includes persons and other entities having a relation to the debtor listed in part 2 above.*]

4. **Employment by chapter 11 committee**

   If I am proposed to be employed by a chapter 11 committee of creditors, equity-security holders, or retirees, I do not represent any other entity having an adverse interest in connection with the case.

5. **Connections**

   I have no business, professional, personal, financial, or other connections with the debtor, affiliates, creditors, any party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee except:

6. **Compensation**

   6.1. If I am an attorney representing the debtor in or in connection with this case, the following are the details of all compensation paid or agreed to be paid to me within one year before the petition date for services rendered or to be rendered in contemplation of or in connection with this case, including payments made to me by either the debtor or a third party for any services rendered to the debtor within one year before filing of the petition:

   6.2. If I am proposed to be employed by the trustee or, in a chapter 11 case, by the debtor in possession or a committee of creditors, equity-security holders, or retirees, I do not represent or hold an interest adverse to the interest of the estate with respect to the matter on which I am proposed to be employed.

If, during this case, any of the above statements ceases to be correct because of events occurring or information that I gain after the petition date, I agree to immediately file an amended statement on this form, include "amended" in the title, and clearly identify any changes.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
Signature of individual proposed to be employed

_____
Printed name of signer

_____
Address (including firm name, if applicable)

_____

_____

**LIST OF AFFILIATES OF THE DEBTOR**
*See instructions in paragraph 3 above.*

| Name of Affiliate | Relationship of Affiliate to the Debtor |
|---|---|
|  |  |

**VERIFIED STATEMENT IN SUPPORT OF EMPLOYMENT APPLICATION
CONTINUATION SHEET**

**5.     Connections.**

Vanden Bos & Chapman, LLP represented DVKOCR Tigard, LLC in 2022; all work was completed in April 2022 and all outstanding invoices were paid by August 2022. The attorneys of Vanden Bos & Chapman, LLP joined the firm of Sussman Shank on January 1, 2024.

The spouse of Douglas R. Ricks is a current employee of the State of Oregon. The State of Oregon and its respective agencies is a potential creditor and party in interest in this case.

Attorneys and staff at Sussman Shank may have social or other professional relationships with judges, clerks, and/or staff of the United States Bankruptcy Court for the District of Oregon, employees of the office of the United States Trustee, other federal employees, and individuals who are members of law firms involved in this case or who are employed by creditors or other parties in interest. Other than with respect to the judges (and respective chambers) of the United States Bankruptcy Court for the District of Oregon and the Office of the U.S. Trustee or as otherwise outlined herein, Sussman Shank has conducted no investigation of its attorneys or staff members' employment, banking, insurance, brokerage or investment activities, or familial connections in preparing this statement.

**CERTIFICATE OF SERVICE**

I, Amy E. Sinclair declare as follows:

I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

I certify that on February 19, 2025, I served, via first class mail, a full and correct copy of the foregoing **APPLICATION TO EMPLOY COUNSEL FOR DEBTORS (SUSSMAN SHANK LLP)**, to the parties of record, addressed as follows:

**DVKOCR Tigard, LLC**
**Attn: Alkesh Patel**
**12330 SE 5th Street, 3rd Fl**
**Vancouver, WA 98683**

**Sherwood Hospitality Group, LLC**
**Attn: Alkesh Patel**
**12330 SE 5th Street, 3rd Fl**
**Vancouver, WA 98683**

I also certify that on February 19, 2025, I served the above-referenced document(s) on all ECF participants as indicated on the Court's CM/ECF system.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 19, 2025.

/s/ *Amy E. Sinclair*

Amy E. Sinclair, Paralegal

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130