Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | ) | Case Nos. 25-30484-pcm11 (Lead Case); 25-30486 (Jointly Administered) |
|---|---|---|
| Sherwood Hospitality Group, LLC and DVKOCR Tigard, LLC; | ) ) ) | |
| Debtors. | ) ) ) ) | ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES |

THIS MATTER came before the Court on Debtors' Motion for Joint Administration of Chapter 11 Cases (the "**Motion**")[1] filed on February 18, 2025. Based on the Court's review of the Motion, the declaration, and other pleadings and evidence of record in this case,

THE COURT FINDS:

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this proceeding is core pursuant to 28 U.S.C. § 157(b)(2);

2.   Venue is proper pursuant to 28 U.S.C. § 1408 and 1409;

3.   The relief requested in the Motion is in the best interest of the Debtors' estate, their creditors, and other parties in interest;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Page 1 of 4** – ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

4. There is good cause for granting the relief requested in the Motion.

It is, therefore, ORDERED:

1. The Motion is GRANTED as set forth herein;

2. The following chapter 11 cases are hereby procedurally consolidated and will be jointly administered by the Court:

    a. *In re Sherwood Hospitality Group, LLC*, Case No. 25-30484-pcm11; and

    b. *In re DVKOCR Tigard, LLC*, Case No. 25-30486-pcm11.

3. All pleading, order, and other papers shall be captioned as follows to reflect that the cases are jointly administered under the lead case:

| In re<br>Sherwood Hospitality Group, LLC and DVKOCR Tigard, LLC;<br>               Debtors. | ) ) ) ) ) ) ) | Case Nos. 25-30484-pcm11 (Lead Case); 25-30486 (Jointly Administered) |
|---|---|---|

4. All original pleadings will be captioned as set out above and all original docket entries shall be made in the case of *In re Sherwood Hospitality Group, LLC*, Case No. 25-30484-pcm11; the case of *In re Sherwood Hospitality Group, LLC*, Case No. 25-30484-pcm11 is designated as the lead case.

5. All proofs of claim will be filed under the case number the Debtor's estate against which the claim is made.

6. Each of the Debtors shall (a) filed separate monthly operating reports (unless otherwise ordered); (b) not be liable for the claims against any of the Debtors by virtue of this Order; and (c) file separate Bankruptcy Schedules and Statements of Financial Affairs.

7. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Federal Rule of Bankruptcy Procedure 1015(b) directing joint administration and procedural consolidation of the chapter 11 cases of Sherwood Hospitality Group, LLC (Case No. 25-30484-

Page 2 of 4 – ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

pcm11) and DVKOCR Tigard, LLC (Case No. 25-30486-pcm11). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Sherwood Hospitality Group, LLC, Case No. 25-30484-pcm11.

8. Debtors shall file a master service list in *In re Sherwood Hospitality Group, LLC*, Case No. 25-30484-pcm11, which includes all creditors, persons filing Notices of Appearances, and all parties-in-interest in both the Debtors' jointly administered cases for further noticing requirements. All notices in any one or more member cases that would be sent to all creditors in a case absent this order must be sent to all creditors and parties in all member cases.

9. Nothing contained in this order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy cases of the Debtors; it is the Court's intention by this order to jointly administer the bankruptcy cases of the Debtors for procedural purposes only.

10. Plans and disclosure statements for the member cases may be filed and resolved jointly.

11. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this order nor any payment made pursuant to this order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code;

12. The Debtors are authorized to take such further actions as may be necessary or appropriate to effectuate the terms of this order; and

13. This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this order.

###

| | |
|---|---|
| 1 | <u>CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)</u> |
| 2 | I certify that I have complied with the requirements of LBR 9021-1(a); this order may be lodged concurrently with the motion or application under LBR 9021-1(b)(1)(C). |
| 3 | |
| 4 | PRESENTED BY: |
| 5 | SUSSMAN SHANK LLP |
| 6 | <u>/s/ Douglas R. Ricks</u><br>Douglas R. Ricks, OSB No. 044026<br>Attorneys for Debtors |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

Page 4 of 4 – ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES