1  Douglas R. Ricks, OSB No. 044026
   Christopher N. Coyle, OSB No. 073501
2  SUSSMAN SHANK LLP
   1000 SW Broadway, Suite 1400
3  Portland, OR  97205-3089
   Telephone: (503) 227-1111
4  Facsimile: (503) 248-0130
   E-Mail:  dricks@sussmanshank.com
5          ccoyle@sussmanshank.com

6      Proposed Attorneys for Debtors-in-Possession

7

8

9              IN THE UNITED STATES BANKRUPTCY COURT

10                      DISTRICT OF OREGON

11  In re                            )   Case Nos. 25-30484-pcm11 (Lead Case);
                                     )   25-30486-pcm11 (Jointly Administered)
12  Sherwood Hospitality Group, LLC and )
    DVKOCR Tigard, LLC,              )
13                                   )   DEBTORS' MOTION FOR APPROVAL
              Debtor-in-Possession.  )   OF ASSUMPTION OF HOTEL
14                                   )   MANAGEMENT AGREEMENTS
                                     )
15                                   )   LBR 9013-1(b)(1) Parties: Resolute Road
                                     )   Hospitality
16                                   )
                                     )
17                                   )
                                     )
18                                   )
                                     )
19  _____ )

20                            **NOTICE**

21      If you oppose the proposed course of action or relief sought in this Motion, you must file

22  a written objection with the bankruptcy court no later than fourteen (14) days after the date listed

23  in the certificate of service below. If you do not file an objection, the Court may grant this Motion

24  without further notice or hearing. Your objection must set forth the specific grounds for objection

25  and your relation to the case. The objection must be received by the clerk of court at 1050 SW 6th

26  Avenue #700, Portland, OR 97204, by the deadline specified above or it may not be considered.

**Page 1 of 8** – DEBTORS' MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL
MANAGEMENT AGREEMENTS

1    You must also serve the objection on Debtor, c/o Douglas R. Ricks, Sussman Shank LLP, 1000

2    SW Broadway, Suite 1400, Portland, OR 97205 (503) 277-1111, within that same time.  If the

3    Court sets a hearing, you will receive a separate notice listing the hearing date, time, and other

4    relevant information.

5

6                                               **MOTION**

7           Debtors[1] Sherwood Hospitality Group, LLC ("**Sherwood Hospitality**") and DVKOCR

8    Tigard, LLC ("**DVKOCR**") (phonetic: dah vee kOr), individually and collectively, move this

9    Court for entry of an entry of an order, substantially in the form attached hereto as Exhibit 1, (the

10   "**Proposed Order**") approving the assumption of the Debtors' respective Hotel Management

11   Agreements with Resolution Road Hospitality, a Delaware limited liability company ("**RRH**").  In

12   support of the Motion, Debtor relies on the Declaration of Alkesh Patel in Support of Management

13   Motions (the "**Patel Dec.**") and the Declaration of Stuart Ticknor in Support of the Motion (the

14   "**Ticknor Dec.**").  In further support of the Motion, the Debtors respectfully represent as follows:

15                                    **JURISDICTION AND VENUE**

16          1.      On February 17, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions

17   under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Pursuant to

18   sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate and manage their

19   properties as debtors-in-possession.

20          2.      The United States Bankruptcy Court for the District of Oregon (the "**Court**") has

21   jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this matter is a core proceeding within

22   the meaning of 28 U.S.C. § 157(b). Debtors confirm their consent to the Court's entry of a final

23   order in connection with this motion (the "**Motion**") to the extent that it is later determined that

24

25   ─────────────────────
     [1] "**Debtors**" means collectively the two entities designated as a debtor in the above-captioned cases
26   (each a "**Debtor**") that filed voluntary petitions for relief on February 17, 2025 in the United States
     Bankruptcy Court for the District of Oregon.
**Page  2  of  8** – DEBTORS' MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL
                MANAGEMENT AGREEMENTS

1    the Court, absent consent of the parties, cannot enter final orders or judgments in connection

2    herewith consistent with Article III of the United States Constitution.

3        3.    Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

4        4.    The statutory bases for the relief requested include sections 105(a) and 365 of the

5    Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 6006

6    and 9014.

7                    **FACTS RELEVANT TO THIS MOTION**

8        5.    Each of the Debtors is a real estate holding company with its primary asset being

9    an interest in a parcel of real estate together with the structure(s) and improvements thereon. *See*

10   Patel Dec., at ¶ 4.

11       6.    Sherwood Hospitality owns a 60% interest in the real property with an address of

12   22000 SW Meinecke Parkway, Sherwood, Oregon 97140 (the "**Sherwood Property**") upon which

13   is situated a 73-room hotel branded as a Hampton Inn & Suites (the "**Sherwood Hotel**"). *Id.*

14       7.    DVKOCR owns a 100% interest in the real property with an address of 11799 SW

15   69th Avenue, Tigard, Oregon 97223 (the "**Tigard Property**") upon which is situated a 152-room

16   hotel branded as a Hampton Inn & Suites (the "**Tigard Hotel**")[2]. *Id.*

17       8.    Both the Sherwood Property and the Tigard Property are part of an asset

18   management portfolio managed by Evergreen Hospitality Group, LLC ("**Evergreen**"). *Id.* at ¶ 5

19       9.    While Evergreen provides back office and related asset-based services, it does not

20   provide services for management of the Hotels. Moreover, neither Sherwood Hospitality nor

21   DVKOCR have any employees whatsoever, including employees to operate the Hotels. *Id.*

22       10.   Sherwood Hospitality and DVKOCR contracted with RRH to provide management

23   and operational services in connection with the Hotels. This includes (a) supply of necessary

24   employees to provide staffing at the Hotels, (b) collection of all room rates, taxes, and related

25   

26   [2] The Sherwood Hotel and the Tigard Hotel are collectively referred to as the **Hotels** in connection
     with this Motion.

**Page 3 of 8** – DEBTORS' MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL
        MANAGEMENT AGREEMENTS

1   remittances due to the Hotels from their respective guests, (c) payment of all operating expenses

2   for the Hotels, including payroll expenses, and (d) establishment and maintenance of operating

3   financial accounts to provide for receipt of income and expenditures for expenses related to

4   operations of the Hotels. *Id.* at ¶ 6.

5          11.    In consideration for the contracts with RRH, Sherwood Hospitality received the

6   sum of $200,000.00 for the Sherwood Hotel, and DVKOCR received the sum of $300,000.00 for

7   the Tigard Hotel. *Id.* at ¶ 9.

8          12.    The agreements between the Debtors and RRH were memorialized in the form of

9   Hotel Management Agreements, both dated November 1, 2023 (collectively the "**Hotel**

10  **Management Agreements**"). A copy of the Hotel Management Agreement for the Sherwood

11  Hotel is attached to the Patel Dec. as Exhibit A. A copy of the Hotel Management Agreement is

12  attached to the Patel Dec. as Exhibit B.

13         13.    In addition to the management duties of RRH and the consideration paid referenced

14  above, the salient business terms of the Hotel Management Agreements are as follows:

15                 a.   Term: Ten (10) years from the effective date of November 1, 2023;

16                 b.   Fees: Base Fee of 3% of gross revenues; Incentive Fee of 5% of gross profit

17                      earned over the projected gross profit each year; Central Revenue

18                      Management Fee ($2,000 per month (Sherwood Hotel), $2,500 per month

19                      (Tigard Hotel)); Centralized Accounting Fee ($1,000 per month (Sherwood

20                      Hotel), $1,500 per month (Tigard Hotel));

21                 c.   Capital Improvements: RRH to maintain and reserve funds for the repair

22                      and replacement of furniture, fixtures, and equipment; Any capital

23                      improvements in excess of such reserve are the responsibility of Sherwood

24                      Hospitality and DVKOCR; and

25                 d.   Termination: May be terminated by either side; May also be terminated on

26                      account of a "Hotel Transfer" that includes a liquidated damages provision.

**Page 4 of 8** – DEBTORS' MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL
MANAGEMENT AGREEMENTS

1   *See id.*, at Ex. A, B.

2        14.     The Debtors have determined that in order to maintain the value of the Hotels and

3   the respective estate's interest in the Sherwood Property and the Tigard Property, assumption of

4   the Hotel Management Agreements with RRH are in the best interests of such estates and represent

5   a prudent exercise of the Debtors' business judgment.

6                                    **RELIEF REQUESTED**

7        15.     By this Motion, the Debtors request (i) authority to assume the Hotel Management

8   Agreements with RRH, (ii) that the court determine that no cure amounts are due under the Hotel

9   Management Agreements, and (iii) other related relief as the court deems proper.

10                                    **BASIS FOR RELIEF**

11       16.     Pursuant to Bankruptcy Code section 365(a), a debtor may assume or reject any

12  executory contract or unexpired lease of the debtor, subject to the court's approval. Bankruptcy

13  Code section 365(b) requires the debtor to satisfy certain requirements at the time of assumption

14  if a default exists under the executory contract or unexpired lease. *See* 11 U.S.C. § 365(b)

15  (requiring a debtor to cure a default or provide adequate assurance that it will promptly cure such

16  default, as a condition for the assumption of an executory contract or unexpired lease).

17  Additionally, Bankruptcy Code section 105(a) provides that "[t]he Court may issue any order,

18  process, or judgment that is necessary or appropriate to carry out the provisions of this title."

19       17.     In deciding to assume or reject an executory contract, the estate's representative

20  (i.e. the trustee or debtor-in-possession) is provided considerable discretion. Courts have applied

21  a "business judgment" test in evaluating the decisions to assume an executory contract. *In re Astria*

22  *Health*, 640 B.R. 758, 767 (Bankr. E.D. Wa. 2022) *citing Mission Prod. Hdlgs., Inc. v.*

23  *Tempnology, LLC*, 587 U.S. 370, 139 S. Ct. 1652, 203 L. Ed.2d 876 (2019) (stating that the

24  bankruptcy court will generally approve the debtor's choice to assume or reject a contract under

25  the "deferential 'business judgment' rule"). A motion to assume an executory contract is a

26  "summary proceeding" where the court provides a cursory review of the debtor's decision on the

Page **5** of **8** – DEBTORS' MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL
        MANAGEMENT AGREEMENTS

1  contract in keeping with a proper exercise of business judgment. The court should "presume that

2  the debtor acted prudently, on an informed basis, in good faith, and in the honest belief that the

3  action taken was in the best interests of the bankruptcy estate." *In re Pomona Valley Med. Grp.,*

4  *Inc.*, 476 B.R. 665, 670 (9th Cir. 2007). Generally, the court should not substitute its judgment for

5  that of the debtor unless the decision to assume is "so manifestly unreasonable that it could not be

6  based on sound business judgment, but only on bad faith, or whim or caprice." *Id. quoting Lubrizol*

7  *Enter. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985). In permitting an

8  assumption, the court also resolves any disputes regarding the cure of any default under the

9  contract to be assumed. *Astria Health*, 640 B.R. at 768. After satisfying the business judgment

10  determination and the amount of any cure, the court's role is complete. *Id.*

11        18.    The Debtors' proposed assumption of the RRH Hotel Management Agreements is

12  a necessary component of continued operations of the Hotels and serves to ensure the values of

13  the Debtors' estates are preserved. As noted above, the Debtors are without employees or other

14  resources that would be necessary to self-manage the operations of the Hotels. Loss of RRH's

15  services would leave hotel reservations unfilled, hotel guests without services, and the Hotels

16  themselves without sufficient supervision and control. The Debtors are also satisfied that the

17  termination provisions of the respective Hotel Management Agreements are sufficient to safeguard

18  the interests of creditors and limit the estates' exposure to potential administrative expense claims.

19  *See* Patel Dec., at ¶ 10.

20        19.    Pursuant to section 365(b)(1)(A), a debtor may not assume an executory contract

21  or unexpired lease unless, at the time of assumption, the debtor cures or provides adequate

22  assurance that the debtor will promptly cure any existing default. Further, pursuant to section

23  365(b)(1)C), if a default is outstanding, a debtor seeking to assume an executory contract or

24  unexpired lease must provide adequate assurance of future performance under such contract or

25  lease.

26

**Page 6 of 8** – DEBTORS' MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL MANAGEMENT AGREEMENTS

1  20.    The Debtors have reviewed their books and records along with the applicable

2  provisions of the Hotel Management Agreements. Based on that review, the Debtors have

3  determined that there are no outstanding defaults under the Hotel Management Agreements or

4  either of them and, as a result, no monetary or non-monetary cure is owed to RRH in connection

5  with the proposed assumption. *See* Patel Dec., at ¶ 11.

6  21.    As the Debtors were current on their obligations, and consistent with section 365,

7  the Debtors have continued performing their postpetition obligations under the Hotel Management

8  Agreements with RRH.  *See In re Cochise Coll. Park, Inc.*, 703 F.2d 1339, 1352 (9th Cir 1983)

9  ("Until rejection, however, the executory contract continues in effort and the non-bankrupt party

10  is not a creditor with a provable claim against the bankrupt estate."). *See also In re Penn Traffic*

11  *Co.*, 524 F.3d 373, 383 (2d Cir. 2008) ("The Code provisions permitting a debtor to accept or reject

12  an executory contract do not alter the parties' contractual rights… Where, however, the parties'

13  rights under the terms of their pre-petition agreement have not been altered or extinguished by

14  operation of nonbankruptcy law, both parties remain subject to the contractual obligations…").

15  This includes the obligations related to reimbursable expenses presented to the Debtors by RRH

16  in accordance with sections 3.6, 3.7, 4.1 and 4.2 of the respective Hotel Management Agreements.

17  Specifically, postpetition, RRH presented the Debtors with a request to authorize funds for payroll

18  expenses for RRH employees at the Hotels and paid by RRH as allowed under section 4.2 of the

19  Hotel Management Agreement(s). *See* Ticknor Dec., at ¶ 4. Debtors authorized payment of this

20  expense consistent with its postpetition obligations under the Hotel Management Agreements as it

21  views such a claim arising when the request for funding is made by RRH under the Hotel

22  Management Agreement rather than when such expense is incurred by RRH, as it was for payment

23  of its own employees, including for a time period before the Petition Date.

24  22.    RRH's fees under the Hotel Management Agreements are market-based on

25  consistent, if not lower, than the ordinary fees charged by RRH for similar services provided to

26  similarly sized hotels. *See* Ticknor Dec., at ¶ 3. RRH is owed fees for their services on the 5th of

**Page  7  of  8** – DEBTORS' MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL
MANAGEMENT AGREEMENTS

1   each month based on the services provided in the month prior. For the fees to be paid on March 5,

2   2025, Debtors intend to pay the full amount of fees due under the HMA for February, 2025,

3   including amounts that accrued prepetition, only after entry of an order granting this Motion. RRH

4   provided prorated management fees for the period of February 1, 2025 to February 17, 2025 as

5   follows:  Sherwood Hotel - $4,415.14; Tigard Hotel - $7,259.00. *Id*., at ¶ 5.

6                           **RESERVATION OF RIGHTS**

7          23.    Nothing contained herein is or should be construed as (a) an admission as to the

8   validity of any claim against the Debtors, (b) a waiver of the Debtors' right to dispute any claim

9   on any grounds, (c) a promise or a requirement to pay any claim, (d) an admission that any

10  particular claim is of a type specified or defined hereunder, ( e) a request to reject any executory

11  contract or unexpired lease, or (f) a waiver of the Debtors' rights under the Bankruptcy Code or

12  any other applicable law. The Debtors further reserve all rights, claims, and defenses in respect of

13  the Hotel Management Agreements.

14                               **CONCLUSION**

15         WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief

16  Requested herein and such other and further relief as is just and proper.

17         Dated this 28th day of February, 2025.

18                 SUSSMAN SHANK LLP

19

20                 By /s/ Douglas R. Ricks
                       Douglas R. Ricks, OSB No. 044026
21                     Attorneys for Debtors

22

23

24

25

26

**Page 8 of 8** – DEBTORS' MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL
          MANAGEMENT AGREEMENTS

1

2

3

4

5

6

7

8

9

10          IN THE UNITED STATES BANKRUPTCY COURT

11                        DISTRICT OF OREGON

| | | |
|---|---|---|
| 12 | In re | ) | Case No. 25-30484-pcm11 |
| | | ) | (Joint Administration Pending) |
| 13 | Sherwood Hospitality Group, LLC | ) | |
| | | ) | |
| 14 |         Debtor-in-Possession. | ) | |
| | | ) | |
| 15 | In re | ) | Case No. 25-30486-pcm11 |
| | | ) | (Joint Administration Pending) |
| 16 | DVKOCR Tigard, LLC | ) | |
| | | ) | **[PROPOSED]** ORDER APPROVING |
| 17 |         Debtor-in-Possession. | ) | ASSUMPTION OF HOTEL |
| | | ) | MANAGEMENT AGREEMENTS |
| 18 | _____ | ) | |

19

20          THIS MATTER came before the court on Debtors' Motion for Approval of Assumption

21  of Hotel Management Agreements (the "**Motion**")[1], pursuant to sections 105(a) and 365 of the

22  Bankruptcy Code and Bankruptcy Rules 6006 and 9014, authorizing and approving of the Debtors'

23  assumption of their Hotel Management Agreements with Resolute Road Hospitality; having

24  considered the Motion and the Declarations of Alkesh Patel and Stuart Ticknor in support of the

25  _____

26  [1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion.

**Page 1 of 3** – ORDER APPROVING ASSUMPTION OF HOTEL MANAGEMENT AGREEMENTS

Exhibit 1 - Page 1 of 3

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    Motion; having determined that this court has jurisdiction over this matter pursuant to 28 U.S.C.

2    §§ 157 and 1334; with proper and adequate notice of the Motion having been given; having

3    determined that no other or further notice is necessary; having determined that the legal and factual

4    bases set forth in the Motion establish just cause for the relief granted herein; and this court having

5    determined that the relief sought in the Motion is in the best interests of the Debtors, their estates,

6    their creditors, and other parties in interest;

7         IT IS HEREBY ORDERED THAT:

8              1.   The Motion is granted as set forth herein.

9              2.   Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, the Debtors'

10   assumption of their respective Hotel Management Agreements with RRH is hereby authorized and

11   approved. Debtors may pay the management fees due to RRH in the ordinary course, including

12   amounts accrued through the Petition Date of $4,415.14 for the Sherwood Hotel and $7,259.00 for

13   the Tigard Hotel.

14             3.   The Hotel Management Agreements shall be deemed valid and binding and in

15   full force and effect and assumed by the Debtors, and that no cure payments or other cure measures

16   are necessary to allow this assumption, and that RRH is without basis to assert against the Debtors

17   any defaults, breaches, or claims of pecuniary losses existing as of the Petition Date or as of the

18   entry of this Order or by reason of entry of this Order.

19             4.   The Debtors are authorized to execute and deliver all instruments and

20   documents, and take such other actions as may be necessary or appropriate to implement and

21   effectuate this Order.

22             5.   Any provision in any Hotel Management Agreement that purports to declare a

23   breach, default, or payment right on account of insolvency or financial condition of either Debtor,

24   filing of a voluntary petition or otherwise commencing a case under the Bankruptcy Code, or the

25   appointment of a trustee, receiver, or similar custodian or fiduciary is unenforceable and the Hotel

26   Management Agreements remain in full force and effect. RRH may not terminate or declare any

**Page 2 of 3** – ORDER APPROVING ASSUMPTION OF HOTEL MANAGEMENT AGREEMENTS

Exhibit 1 - Page 2 of 3

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1  default under the Hotel Management Agreements on account of the anti-*ipso facto* provisions

2  under section 365(b)(2) of the Bankruptcy Code.

3         6.   Notwithstanding the relief granted herein and any actions taken hereunder,

4  nothing in the Motion or this Order shall: (i) constitute an admission as to the validity or priority

5  of any claim against the Debtors; or (ii) constitute a waiver of the Debtors' rights to dispute any

6  claim.

7                                    # # #

8            CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)

9      I certify that I have complied with the requirements of LBR 9021-1(a); proposed order
   circulated with Motion.

10

   PRESENTED BY:

11

   SUSSMAN SHANK LLP

12

   */s/ Douglas R. Ricks*
13  Douglas R. Ricks, OSB No. 044026
   dricks@sussmanshank.com
14  Attorneys for

15  c:  ECF Participants

16

17

18

19

20

21

22

23

24

25

26

**Page 3 of 3** – ORDER APPROVING ASSUMPTION OF HOTEL MANAGEMENT AGREEMENTS

Exhibit 1 - Page 3 of 3
SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Amy E. Sinclair declare as follows:

3

I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen

4

years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400,

5

Portland, Oregon 97205-3089, in said county and state.

6

I certify that on February 28, 2025, I served, via first class mail, a full and correct copy of

7

the foregoing **MOTION FOR APPROVAL OF ASSUMPTION OF HOTEL**

8

**MANAGEMENT AGREEMENTS**, to the parties of record, addressed as follows:

9

**See Attached Matrix**

10

11

I also certify that on February 28, 2025, I served the above-referenced document(s) on all

ECF participants as indicated on the Court's CM/ECF system.

12

13

I swear under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief.

14

Dated: February 28, 2025.

15

16

17

/s/ Amy E. Sinclair

18

_____

Amy E. Sinclair, Paralegal

**DOCUMENT1**

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - Page 1

Sherwood Hospitality Group, LLC
Case No. 25-30484-pcm11
DVKOCR Tigard, LLC
Case No. 25-30486-pcm11

20 Largest Unsecured Creditors:
(Duplicates have been omitted)

City Of Sherwood Utilities
PO BOX 638
Sherwood, OR 97140-0638

Hallmark Financial Service
P.O. BOX 610091
Dallas, TX 75261-0091

HD Supply Facilities
Maintenance
PO BOX 509058
San Diego, CA 92150-9058

Hilton Franchise
4649 Paysphere Cir
Chicago, IL 60674

L-O Tigard Finance, LLC
Attn: Chris Miller & Russell
Munn
11777 San Vicente Blvd, Ste
900
Los Angeles, CA 90049

Pride Disposal Company
P.O. BOX 820
Sherwood, OR 97140

Quore LLC
PO BOX 6843
Carol Stream, IL 60197-6843

Star Junction
7226 Lee Deforest Dr Ste
200
Columbia, MD 21046

Sysco Portland Inc
PO BOX 2210
Wilsonville, OR 97070

Vistar
PO BOX 951080
Dallas, TX 75395-1080

Washington County
155 N 1ST AVE STE 130
MS8
Hillsboro, OR 97154

Vistar
PO BOX 951080
Dallas, TX 75395-1080

Ascentium Pawnee
23970 Highway 59N
Kingwood, TX 77339

Carver & Assoc
4177 Northeast Expressway
Atlanta, GA 30340

City Of Tigard
13125 SW Hall BLVD
Tigard, OR 97223

Lileni Lopez
15820 SE Alder St.
Portland, OR 97233

Sagar/Omkar
2015 2nd Ave. Unit 2609
Seattle, WA 98121

Tualatin Valley Water
Dist.
1850 SW 170TH AVE
Beaverton, OR 97003

Secured Creditors:
(Duplicates have been omitted)

David W. Criswell, Trustee
L-O Sherwood Finance, LLC
L-O Tigard Finance, LLC
601 SW Second Ave Ste 2100
Portland, OR 97204

L-O Sherwood Finance, LLC
11777 San Vicente Blvd, Ste 900
Los Angeles, CA 90049

L-O Tigard Finance, LLC
Attn: Chris Miller & Russell Munn
11777 San Vicente Blvd, Ste 900
Los Angeles, CA 90049

Washington County Tax Assessor
155 N. First Avenue, Ste. 340
Hillsboro, OR 97124

Washington County Property Tax
155 N. First Ave., Ste. 130 MS 8
Hillsboro, OR 97124

C T Corporation System as representative
re: UCC 92712457
330 N. Brand Blvd, Ste 700
Glendale, CA 91203

C T Corporation System as representative
re: UCC 92608981
330 N. Brand Blvd, Ste 700
Glendale, CA 91203

ODR
ATTN: Bankruptcy Unit
955 Center St NE
Salem, OR 97301-2553

Tualatin Valley Water District
Tom Hickmann, CEO
1850 SW 170th Ave
Beaverton, OR 97006

Other Notice:

Alkesh R. Patel
Sherwood Hospitality Group, LLC
DVKOCR Tigard, LLC
12330 SE 5th St, 3rd Fl
Vancouver, WA 98683

Hotel Management Services LLC
dba Resolution Road Hospitality
918 W Idaho St, Ste 200
Boise, ID 83702